UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 17-00304 AG (AJWx) | Date | March 6, 2017 |
|---|---|---|---|
| Title | MI AE CHOI v. WASHINGTON MUTUAL BANK, FA ET AL. | | |

Present: The Honorable ANDREW J. GUILFORD

| Lisa Bredahl | Not Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:         Attorneys Present for Defendants:

**Proceedings:**     **[IN CHAMBERS] ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION**

"Federal courts are courts of limited jurisdiction," and they possess "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Defendant Caliber Home Loans, Inc. ("Caliber") invoked that limited jurisdiction when it filed a notice of removal in this Court.

"Nothing is to be more jealously guarded by a court than its jurisdiction." *United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotation marks omitted). And "[i]t is to be presumed that a cause lies outside of [a federal court's] limited jurisdiction," and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377. The Court has concerns about subject matter jurisdiction over this case.

Plaintiff's claims concern violation of the California Civil Code so federal question jurisdiction obviously doesn't exist here. Instead, Caliber says this Court has "diversity jurisdiction." *See* U.S. Const. art. III, § 2 ("The judicial Power shall extend to all Cases . . . between Citizens of different States."); 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States."). But both the Plaintiff and one of the defendants in this case, MTC Financial, Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-00304 AG (AJWx) | Date | March 6, 2017 |
|---|---|---|---|
| Title | MI AE CHOI v. WASHINGTON MUTUAL BANK, FA ET AL. | | |

("MTC"), are California citizens. Caliber attempts to get around this by arguing that MTC is a nominal, or in the alternative, fraudulently joined defendant.

For a defendant to succeed on those arguments, the defendant must convince the court that after resolving "all disputed questions of fact and all ambiguities in the controlling state law . . . in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009). The Court has numerous concerns about Caliber's position. For example, there are limits on the concept of fraudulent joinder. *See id.* Further, as another example, since the complaint here alleges that "each of the Defendants," which obviously includes MTC, "were the agent, employees, servants, and/or the joint-venturers of the remaining Defendants . . . in doing the things alleged" in the complaint, the Court isn't convinced that defendant can successfully remove this case. (Dkt. No. 1, Ex. 7 at Page ID # 148.)

The Court ORDERS Caliber to show cause in writing, not exceeding 10 pages and within **14 days** of this Order, why this action should not be remanded for lack of subject matter jurisdiction, fully addressing the issues of nominal and fraudulently joined defendants. The remaining parties may file briefs, not exceeding 10 pages and within **14 days** of this Order, on the issue. The Court will then decide whether to set a hearing to discuss subject matter jurisdiction and the pending stipulation to dismiss the case.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |